[No. 36528.    Department One.    January 23, 1964.]

SADIE A. SMITH et al., Appellants, v. GENERAL ELECTRIC
COMPANY, Respondent.*

Critchlow & Williams, for appellants.

Loney, Westland, Koontz & Raekes, for respondent.

ROSELLINI, J.—The plaintiff Sadie A. Smith, who will be referred to hereafter as the plaintiff, was employed by the defendant as a "nurse aide" at the Kadlec Hospital, in Richland. She sustained an industrial injury which made it necessary for her to take time off from her employment for surgery and other treatment, commencing November 1, 1954.

On April 12, 1955, the Supervisor of Industrial Insurance entered his order adjudging the plaintiff fit to return to her employment as of March 25, 1955. The defendant, on March 29, 1955, instructed the plaintiff to return to work, and when she failed to do so, because of continuing disability resulting from the injury, she was discharged as of March 30, 1955. The plaintiff protested this discharge to her immediate supervisor, an agent of the defendant.

*Reported in 388 P. (2d) 550.

An appeal from the order of the Supervisor of Industrial Insurance resulted in a stipulation between the defendant and the plaintiff, approved by the department, that the plaintiff had in fact been unable to return to work until April 25, 1955. After that date, she was able to perform the duties of a nurse aide in a satisfactory manner.

At all times material to this action, the plaintiff was covered by a collective-bargaining agreement between the Building Service Employees International Union, Local 201, and the defendant, although she was not a member of the union. The union was the designated bargaining representative of all employees whether members or not. After September 25, 1955, the plaintiff made application for reinstatement in her employment, pursuant to seniority rights afforded in this contract. Her application was denied and she brought this suit.

The trial court held that the plaintiff had waived any and all available remedies for the claimed violation of the collective-bargaining contract by not pursuing the grievance procedure provided for in the contract. Error is assigned to this holding.

The plaintiff does not deny that a grievance procedure for processing claims such as hers is provided in the contract or that the union was obligated to represent her in processing the grievance. But she contends that, because certain union employees testified that it was not the policy of the union to represent nonmembers, the evidence established the fact that an attempt to employ the grievance procedure would have been futile. The trial court found this testimony unconvincing in the face of the explicit provisions of the contract and refused to find on the basis of this testimony alone that the union would have refused to perform its duties under the contract, had the plaintiff made a complaint to her shop steward, which she did not do.

We are of the opinion that the trial court was correct in refusing to find that the grievance procedure was not open to the plaintiff. There was no evidence that the union had ever refused to represent a nonunion member, and in-

asmuch as the plaintiff did not attempt to make use of the grievance procedure, it is plain that she failed to exhaust her remedy under the contract.

The plaintiff cites the cases of *Pattenge v. Wagner Iron Works,* 275 Wis. 495, 82 N. W. (2d) 172; *Hudak v. Hornell Industries, Inc.,* 304 N. Y. 207, 106 N. E. (2d) 609; and *United Protective Workers of America, Local No. 2 v. Ford Motor Co.,* 223 F. (2d) 49, 48 A.L.R. (2d) 1285, contending that they give support to her theory that a resort to the grievance procedure was not a condition precedent to a court action in her case.

In *Pattenge v. Wagner Iron Works, supra,* a discharged employee sued for accrued vacation pay which had been withheld by the employer. The evidence showed that the employee had incurred the hostility of the union by his activities, and the court found as a fact that an attempt to invoke the grievance procedure would have been futile. There was in this case no evidence of hostility existing between the plaintiff and the union.

*Hudak v. Hornell Industries, Inc., supra,* involved a union contract under the terms of which the company agreed to employ the plaintiffs for a period of one year. While still solvent, the company went out of business. The plaintiffs sued for their wages for the year. In regard to an objection of the company that no attempt had been made to utilize the arbitration procedure, the court held that there had been no "discharge" within the meaning of the contract, and therefore the agreement was not applicable. Again, the facts of that case distinguish it from this.

In the case of *United Protective Workers of America, Local No. 2 v. Ford Motor Co., supra,* the court held that an attempt to invoke the grievance procedure was not necessary where the evidence made it clear that arbitration would have availed the plaintiff nothing. There was no such showing here.

The plaintiff argues that she was ignorant of the requirements of the collective-bargaining agreement, because she had not read it at the time of her discharge. This does

not excuse her noncompliance with its terms. There was ample evidence that copies were available to her and none that the defendant denied her access to the contents of the agreement.

The plaintiff is seeking in this action to obtain the benefits of a contract while avoiding the obligations which it imposed upon her. She has shown no valid reason why this attempt should succeed.

The judgment is affirmed.

OTT, C. J., HILL, and HUNTER, JJ., and DAWSON, J. Pro Tem., concur.

---

April 2, 1964. Petition for rehearing denied.