[No. 1077-42969-3.   Division Three.   June 25, 1974.]

WALTER R. GARTON, *Appellant,* v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent.*

*C. J. Rabideau* (of *Moore & Rabideau*), for appellant.

*Leavy, Taber, Schultz & Bergdahl* (*Delbert W. Johnson,* of counsel), for respondent.

McINTURFF, J.—Plaintiff seeks review of the trial court's order granting summary judgment for defendant, dismissing plaintiff's complaint seeking damages for wrongful discharge from employment. The trial court based its order granting summary judgment on plaintiff's failure to exhaust remedies contained in the collective bargaining agreement between defendant and plaintiff's union.

Plaintiff, an employee of defendant railway, was charged with violation of rule G and rule 700 of the Consolidated Code of Operating Rules, which prohibit the use of alcoholic beverages by employees subject to or on duty. Plaintiff was discharged following a hearing on the violation.

Pursuant to rule 91 of the collective bargaining agreement, plaintiff appealed to the first supervising officer of defendant in the appeal process. Plaintiff's request for reinstatement to employment was denied. Plaintiff did not appeal to the next officer of defendant appointed to consider appeals under rule 91 of the collective bargaining agreement, but rather, commenced this action seeking damages for wrongful discharge from his employment.

Initially, plaintiff argues that the requirement of exhaustion of administrative or contractual remedies does not extend to situations where the discharge was established or started prior to June 20, 1966, as in the case before us. In considering this issue, a starting point is *Moore v. Illinois Cent. R.R.*, 312 U.S. 630, 85 L. Ed. 1089, 61 S. Ct. 754 (1941), where the court held a railroad employee could treat his employer's breach of the employment contract as a wrongful discharge; thus not requiring him to exhaust the remedies provided under the Railway Labor Act, but allowing him instead to commence an action in the state court for breach of contract. Later, in *Transcontinental & Western Air, Inc. v. Koppal*, 345 U.S. 653, 97 L. Ed. 1325, 73 S. Ct. 906 (1953), the Supreme Court clarified *Moore* by

holding that an employee claiming wrongful discharge might proceed either according to administrative procedures in his employment contract or by resort to a state cause of action where recognized. However, where the applicable state law required it, he must show an' exhaustion of remedies under the contract. Under *Transcontinental* it is clear that exhaustion of administrative remedies is not necessarily a prerequisite to the institution of an action in the state court for unlawful discharge unless the substantive law of the state requires it.

In *Andrews v. Louisville & N.R.R.*, 406 U.S. 320, 32 L. Ed. 2d 95, 92 S. Ct. 1562 (1972), the Supreme Court, noting the "improved procedures" available to employees challenging their discharge, which were instituted by Congress by Act of June 20, 1966, Pub. L. No. 89-456, 80 Stat. 208, specifically overruled *Moore v. Illinois Cent. R.R., supra,* and held that exhaustion of administrative and contractual remedies is a prerequisite to institution of a judicial action for wrongful discharge from employment. Under the reasoning of *Andrews,* the availability of improved procedures under the 1966 legislation would not apply to pre-June 20, 1966, discharges. In *Andrews,* at page 325, the court stated:

> In *Walker v. Southern R. Co.*, 385 U.S. 196, [87 S. Ct. 365, 17 L. Ed.2d 294] (1966), the Court noted that there had been complaints not only about the long delay in processing of grievances on the part of the Adjustment Boards, but also about the fact that a more extensive right of judicial review of Board action was accorded to carriers than to employees. The Court noted that Congress, by Public Law 89-456, 80 Stat. 208, effective June 20, 1966, had legislated to correct these difficulties, but observed that the employee in *Walker* had not had the benefit of these new procedures. It therefore declined, "in his case," 385 U.S., at 199 [87 S. Ct., at 367], to overrule *Moore.* Petitioner Andrews, however, would in the prosecution of his claim before the Adjustment Board have the benefit of these improved procedures. We now hold that he must avail himself of them, and in so doing we necessarily overrule *Moore v. Illinois Central R. Co., supra.*

Here the plaintiff would not have had the improved proce-

dures available to him; consequently, the doctrine of *Moore* is applicable to the instant action, unless the law of this State requires exhaustion of remedies.

Therefore, at this juncture the issue presented is whether the substantive law of the State of Washington requires the exhaustion of remedies under a collective bargaining agreement before judicial action can be maintained for alleged unlawful discharge from employment. This issue was squarely before the court in *Smith v. General Elec. Co.*, 63 Wn.2d 624, 388 P.2d 550 (1964), where the court held the employee had waived his available remedies for violation of the collective bargaining agreement by not pursuing the grievance procedure and contractual remedies provided in the contract. Applied to the present action, *Smith* requires exhaustion of contractual remedies prior to the institution of the present action.

Plaintiff next argues that, even if exhaustion of administrative remedies is required, the requirement does not apply where the administrative remedies are inadequate. *Walker v. Southern Ry.*, 385 U.S. 196, 17 L. Ed. 2d 294, 87 S. Ct. 365 (1966). This appears to be a stilted interpretation of *Walker*. The Supreme Court, in *Walker*, simply held that where the state substantive law does not require exhaustion of administrative remedies prior to the institution of judicial action, the action can so be maintained under the holding of *Moore v. Illinois Cent. R.R., supra.*

As a corollary to this argument plaintiff urges that the requirement of exhaustion of administrative remedies is waived where such an attempt would be futile. This position has been accepted in this jurisdiction in *Smith v. General Elec. Co., supra.* In *Smith* the court refused to apply this principle since futility was not established. In the present action there is no evidence that the use of the contractual remedies provided would have been futile, other than the mere allegation that appellant's age would have required retirement prior to the exhaustion of the contractual remedies. This is not sufficient.

■ Lastly, plaintiff argues that the collective bargaining agreement in the instant action does not itself require an employee to exhaust administrative remedies before bringing an action for wrongful discharge. Plaintiff urges that the language of rule 91 of the agreement, which in pertinent part provides: "If the trainman is not satisfied with the decision, he or his representative will have right of appeal to the next higher officer, continuing such appeal if desired," is not exclusive and that the language "if desired" makes exhaustion of this administrative remedy nonmandatory. We do not agree. The language of the quoted portion of rule 91 gives the trainman or employee a right of appeal to the next higher officer, if the employee desires such an appeal. No other means of appeal are provided. Further, rule 126 of the collective bargaining agreement strengthens this interpretation of the language of rule 91, in that section (b) provides that if the appeal to the next higher officer is not taken within 60 days the matter shall be considered closed. Additionally, section (c) of rule 126 provides in part:

> Decision by the highest officer designated to handle claims and grievances shall be final and binding unless within sixty days after written notice of the decision of said officer he is notified in writing that his decision is not accepted. All claims or grievances involved in a decision of the highest officer shall be barred unless within one year from the date of said officer's decision proceedings are instituted by the employe or his duly authorized representative before a tribunal having jurisdiction pursuant to law or agreement of the claim or grievance involved.

Judgment of the trial court granting summary judgment is affirmed.

GREEN, C.J., and MUNSON, J., concur.

Petition for rehearing denied September 17, 1974.