[No. 16338–8–I. Division One. August 20, 1986.]

JOHN T. MORAN, ET AL, *Appellants*, v. LEE STOWELL, ET AL, *Respondents*.

*David M. Shank, Stephen Dwyer,* and *Nelson, Revelle, Ries, McDermott & Hawkins,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Ceil Holuk, Assistant; Norm Maleng, Prosecuting Attorney,* and *James L. Brewer* and *Michael E. Thurston, Deputies,* for respondents.

SWANSON, J.—Seventeen former King County police officers appeal[1] the superior court summary judgment order entered against them in favor of Lee Stowell, administrator of the Law Enforcement Officers' and Fire Fighters' (LEOFF) Retirement System, and King County in their consolidated actions for reimbursement for unused accrued sick leave; double damages, costs and attorney fees under RCW 49.52.070 for an RCW 49.52.050(2) violation for willfully withholding wages; and treble damages, costs and attorney fees under the Consumer Protection Act, RCW 19.86.[2] They claim that the entry of summary judgment was error since they had a vested interest in the sick leave benefits at the time of their disability retirement and King County violated RCW 49.52.050(2) by refusing to compensate them for their unused accrued sick leave. We affirm.

---

[1]On April 19, 1985, the State Supreme Court transferred this case to the Court of Appeals for determination.

[2]Since the appellants have presented no argument supporting their claim of a Consumer Protection Act violation, this claim is deemed to be abandoned. RAP 10.3(a)(5); *Lassila v. Wenatchee,* 89 Wn.2d 804, 809, 576 P.2d 54 (1978); *State v. Manthie,* 39 Wn. App. 815, 825, 696 P.2d 33, *review denied,* 103 Wn.2d 1042 (1985).

The parties' stipulated facts are as follows. The appellants, former King County police officers, took disability retirement pursuant to RCW 41.26.120.[3] Except for former Officers Rebman, Mackie and Thomas, the appellants' sick leave benefits were governed by a series of collective bargaining agreements between King County and the Public Safety Employees' Union, Local 519. Rebman, Mackie and Thomas were employed pursuant to King County Code ch. 3.12 and the Department of Public Safety Manual of Department Rules and Regulations. Except for Rebman, the appellants were entitled to accrue unlimited sick leave. Disability retirement under RCW 41.26 is preceded by a 6–month disability leave, at the end of which if the disability persists, the employee is retired from county employment. All of the appellants except Rebman had unused accumulated sick leave at the time of their disability retirement.

On May 18, 1983, former Officers Moran, Favero, Hypse and Kelly filed an action and on September 30, 1983, the other appellants filed an action for compensation for their unused sick leave at the time of their disability retirement and for damages for violations of RCW 49.52.050 and of the Consumer Protection Act. Upon cross motions for summary judgment in these two actions, which were consolidated, the trial court granted the respondents' summary judgment motion, dismissing all claims with prejudice except for Rebman's claim for compensation, which survived summary judgment. The summary judgment order is now being appealed.[4]

---

[3]RCW 41.26.120 was amended by Laws of 1985, ch. 102, § 2, p. 493. RCW 41.26.120 is now limited to retirement for a disability incurred in the line of duty, and retirement for a disability not incurred in the line of duty is now dealt with in the newly enacted RCW 41.26.125.

The 1985 act has retrospective application to all disability leave and disability retirement allowances granted under RCW 41.26 on or after March 1, 1970. Laws of 1985, ch. 102, § 7, p. 497.

[4]Neither side has sought review of the trial court's denial of summary judgment on Rebman's third claim. Rebman is an appellant as to that part of the trial court order which disposed of his other two claims.

The issues presented in this appeal are (1) whether any of the appellants' claims are barred by the applicable statute of limitations, (2) whether the appellants' claims are barred by their failure to exhaust their remedies available through the contractual and administrative grievance procedures, (3) if their claims are not otherwise barred, whether under their collective bargaining agreement or the county ordinance the appellants have a right to compensation for their unused accrued sick leave at the time of their disability retirement, and (4) whether the appellants are entitled to double damages, costs and attorney fees for the willful withholding of wages under RCW 49.52.070.

Since the consolidated actions (with the exception of Rebman's unappealed claim) were dismissed on summary judgment, the appellate court reviewing the summary judgment order makes the same inquiry as the trial court. A summary judgment is proper where the pleadings, depositions, admissions on file and affidavits show that no genuine issue exists as to a material fact and that the moving party is entitled to a judgment as a matter of law. CR 56(c); *Hartley v. State*, 103 Wn.2d 768, 774, 698 P.2d 77 (1985). The moving party bears the burden of showing the nonexistence of a genuine material factual issue; further, all reasonable inferences from the evidence must be resolved in favor of the nonmoving party. *Hartley v. State, supra; Jamison v. Monarch Life Ins. Co.*, 33 Wn. App. 95, 97–98, 652 P.2d 13 (1982).

## STATUTE OF LIMITATIONS

The 6–year statute of limitations pertains to actions "upon a contract in writing, or liability express or implied arising out of a written agreement." RCW 4.16.040(1); *Algona v. Pacific*, 35 Wn. App. 517, 520, 667 P.2d 1124, *review denied*, 100 Wn.2d 1028 (1983). A written agreement for purposes of the 6–year statute of limitations must contain all the essential elements of the contract, and if resort to parol evidence is necessary to establish any material element, then the contract is partly oral and the 3–year stat-

ute of limitations[5] applies. *Cahn v. Foster & Marshall, Inc.*, 33 Wn. App. 838, 840–41, 658 P.2d 42, *review denied,* 99 Wn.2d 1012 (1983).

The appellants contend that all of their actions except for Christie's were filed within the 6–year limitation period for actions upon written contracts, which period applies to the actions of the union employees based upon their collective bargaining agreement under *McDonald v. Wockner,* 44 Wn.2d 261, 267 P.2d 97 (1954) and to the nonunion employees who were employed pursuant to a King County personnel ordinance under *Stover v. Winston Bros. Co.,* 185 Wash. 416, 55 P.2d 821, *appeal dismissed, 299 U.S. 508* (1936).

The respondents argue that seven former union employees' claims are barred by the 3–year statute of limitations for oral contracts since their actions required proof of not only the written collective bargaining agreement's terms but also the existence of their oral employment contracts with King County; moreover, they contend that if the 6–year limitation period for written contracts applies, Christie's claim is barred. The respondents further argue that the nonunion employees' claims, which stem from a county personnel ordinance, are barred either by the 3–year statute of limitations for unwritten contracts or the 2–year statute of limitations for actions for relief not otherwise provided.

We do not decide whether the appellants' claims are barred by the applicable statute of limitations, for we conclude that their claims are barred by their failure to exhaust their remedies through the contractual or administrative grievance procedure and, even if not so barred, would be defeated under the relevant collective bargaining agreement and county ordinance provisions.

---

[5]The 3–year statute of limitations, RCW 4.16.080(3), provides:

"Within three years:

". . .

"(3) An action upon a contract or liability, express or implied, which is not in writing, and does not arise out of any written instrument[.]"

## EXHAUSTION OF REMEDIES

 Before an action to obtain the benefits of a collective bargaining contract can be maintained, the plaintiff must exhaust his contractual remedies through the grievance procedure provided for in the contract. *Smith v. General Elec. Co.*, 63 Wn.2d 624, 625–27, 388 P.2d 550 (1964); *Garton v. Northern Pac. Ry.*, 11 Wn. App. 486, 489, 523 P.2d 964 (1974). Similarly, under the doctrine of exhaustion of administrative remedies, an agency action generally cannot be challenged on review until all rights of administrative appeal have been exhausted. *South Hollywood Hills Citizens Ass'n v. King Cy.*, 101 Wn.2d 68, 73, 677 P.2d 114 (1984); *Fallon v. Leavenworth*, 42 Wn. App. 766, 768 (1985). Here it is undisputed that the union appellants failed to pursue their contractual remedies through the grievance procedure set forth in the collective bargaining agreement and that the nonunion appellants similarly did not exhaust their administrative remedies through the grievance procedure provided for in the Department of Public Safety Manual of Departmental Rules and Regulations.

The appellants contend, however, that the exhaustion of contractual or administrative remedies was unnecessary here since before their disability retirement they had no valid grievance and after retirement they lacked an employee or union member status to use the collective bargaining agreement or departmental administrative grievance procedure. Their argument lacks force since under *Longview v. Public Employees' Retirement Bd.*, 97 Wn.2d 521, 526–27, 646 P.2d 768 (1982), upon which they rely, they had a valid grievance when they were placed on the statutory 6–month disability leave while they still had unused accrued sick leave since they had a right to use their accumulated sick leave first. *Cannon v. Moses Lk.*, 35 Wn. App. 120, 124, 663 P.2d 865, *review denied*, 100 Wn.2d 1010 (1983).

The appellants further claim that under *Cannon v. Moses Lk., supra* at 123–24, their failure to exhaust their

contractual or administrative remedies poses no bar to this suit. The *Cannon* court did not address the exhaustion of remedies issue. If the issue properly had been raised, however, our Supreme Court decisions in *Smith v. General Elec. Co., supra* at 624, and *South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 68, would have been controlling, as they are here.

The test for the imposition of the exhaustion of administrative remedies doctrine is as follows:

> [A]dministrative remedies must be exhausted before the courts will intervene: (1) "when a claim is cognizable in the first instance by an agency alone"; (2) when the agency's authority "'establishes clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties"; and (3) when the "relief sought . . . can be obtained by resort to an exclusive or adequate administrative remedy".

*State v. Tacoma–Pierce Cy. Multiple Listing Serv.,* 95 Wn.2d 280, 284, 622 P.2d 1190 (1980) (quoting *Retail Store Employees, Local 1001 v. Washington Surveying & Rating Bur.,* 87 Wn.2d 887, 906–07, 909, 558 P.2d 215 (1976)); *South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 73.

Here a claim that sick leave benefits were wrongfully denied is cognizable in the first instance by the agency alone. Further, as the parties' stipulated facts indicate, the Manual of Departmental Rules and Regulations § 2.5.1 establishes a clearly defined machinery for the submission, evaluation and resolution of complaints by aggrieved parties like the appellants here. Last, the relief sought regarding sick leave benefits available pursuant to the appellants' employment terms and conditions could have been obtained by resort to the exclusive and adequate administrative remedy.

The *South Hollywood Hills* court noted that the policies underlying the doctrine of exhaustion of administrative remedies are that it

> (1) insured against premature interruption of the administrative process; (2) allowed the agency to develop the

necessary factual background on which to base a decision; (3) allowed exercise of agency expertise in its area; (4) provided a more efficient process; and (5) protected the administrative agency's autonomy by allowing it to correct its own errors and insuring that individuals were not encouraged to ignore its procedures by resorting to the courts.

*South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 73–74 (citing *McKart v. United States,* 395 U.S. 185, 23 L. E. 2d 194, 89 S. Ct. 1657 (1969)). The underlying policies that would be furthered by the application of the doctrine here are permitting the agency to develop the factual background, providing a more efficient process, and protecting the agency's autonomy.

Exceptions to the exhaustion requirement are recognized where the underlying policies are outweighed by considerations of fairness or practicality. Exhaustion is not required if resort to the administrative or collective bargaining agreement grievance procedure would be futile. *South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 74; *Smith v. General Elec. Co., supra* at 626. If the aggrieved party had no notice of the administrative decision or no opportunity to use the administrative review procedures, the failure to exhaust those procedures will be excused. *South Hollywood Hills Citizens Ass'n v. King Cy., supra; Gardner v. Pierce Cy. Bd. of Comm'rs,* 27 Wn. App. 241, 243–44, 617 P.2d 743 (1980).

Here no evidence was presented that resort to the contractual or administrative remedies provided would have been futile; thus the exhaustion requirement would not be waived on this ground. *South Hollywood Hills Citizens Ass'n v. King Cy., supra; Smith v. General Elec. Co., supra.* Further, according to the stipulated facts, when the Department was informed by the Disability Board of the date when each employee's retirement would begin, it sent a written notice to all of the appellants except Christie (for whom no records are now available) about the cancellation of their accrued sick leave benefits upon their termination

of employment with King County.

When the appellants were placed on the statutory 6–month disability leave that precedes disability retirement, they had notice that they were being deprived of their right to use their accumulated sick leave and thus had a valid grievance.[6] However, they failed to seek a remedy through the contractual or administrative grievance procedures. The record reveals no evidence that at the time that they were placed on disability rather than sick leave, they were denied the opportunity to use the contractual or administrative review procedures. *South Hollywood Hills Citizens Ass'n v. King Cy., supra.* Having failed to exhaust their contractual or administrative remedies, the appellants are now precluded from bringing this action. *South Hollywood Hills Citizens Ass'n v. King Cy., supra* at 73; *Smith v. General Elec. Co., supra* at 625–27.

### SICK LEAVE BENEFITS

In *Longview v. Public Employees' Retirement Bd.*, 97 Wn.2d 521, 526, 646 P.2d 768 (1982), our Supreme Court held that RCW 41.26.120, which sets forth the disability retirement scheme in the LEOFF Retirement System, does not "interfere with rights to sick leave that a member might have by virtue of a contract with his employer" and thus interpreted the statute to give effect to the 6–month statutory disability leave to which a LEOFF member is entitled immediately preceding the start of his disability retirement together with any sick leave to which the member has a right under his employment contract. In *Longview* a city resolution required that police personnel expend all accrued sick leave before receiving any disability leave payment; thus the *Longview* court determined that the plaintiff's disability leave began after the accrued sick leave to which he was entitled by virtue of this resolution. *Longview*, at

---

[6]Moran, Schrenk, Kelly and Hypse claim that they were compelled to apply for disability retirement rather than use their sick leave. Even though these appellants had a valid grievance, they failed to seek a remedy through the collective bargaining agreement grievance procedure.

526–27.

In the instant case it is undisputed that under *Longview* the appellants were entitled to use their accumulated sick leave before going on the disability leave that precedes disability retirement. However, all of the appellants except Rebman went on disability leave without having used all of their accrued sick leave and they now seek compensation for their unused sick leave benefits. Since *Longview* did not involve reimbursement for unused sick leave benefits, it is distinguishable from the instant case on this ground.

Here the collective bargaining agreement's article 6, § 10, which is virtually identical to King County Code 3.12-.220(G), provides that

> separation from King County employment, except by retirement or reason of temporary lay–off due to lack of work or funds shall cancel all sick leave currently accrued to the employee. Should the employee resign in good standing and return to the County within two years, accrued sick leave shall be restored.

By going on disability leave without first having used up their accumulated sick leave, the appellants had the potential benefit of having the accrued sick leave restored if they returned to work before the end of the disability leave or within 2 years after retirement.

The agreement's article 6, § 12, like King County Code 3.12.220(J), provides that

> King County will reimburse those employees who have at least five (5) years service and retire as a result of length of service or who terminate by death, twenty–five (25%) of their unused, accumulated sick leave to a maximum of thirty (30) days.

Relying upon *Cannon v. Moses Lk.,* 35 Wn. App. 120, 663 P.2d 865, *review denied,* 100 Wn.2d 1010 (1983), the appellants argue that since they had the right to accrue sick leave and since cancellation of accrued sick leave did not occur under the collective bargaining agreement and the ordinance when separation from employment was by retirement, as in the present case, they are entitled to

reimbursement for their unused sick leave. The respondents claim that the appellants have no right to such compensation since under the agreement and the ordinance, reimbursement for unused sick leave is limited to persons *retiring* as a result of length of service and is thus not available to the disability retiree appellants.

In *Cannon v. Moses Lake, supra* at 123, the police officers had not used their accumulated sick leave before going on disability leave and did not raise the accrued leave question until almost the end of the 6–month disability leave period. The City argued that no employment provision required it to "buy up" the employees' accrued sick leave. The *Cannon* court held that since under *Longview* the employees were entitled to use their accrued sick leave before being required to go on the statutory disability leave provided in RCW 41.26.120, it was not a matter of the City's "buying up" sick leave but rather of giving the officers their accrued sick leave when they became sick or disabled. *Cannon,* at 124.

*Cannon* is distinguishable from the instant case in that no "buy up" provision existed in *Cannon,* whereas here the contract and ordinance expressly limit reimbursement for unused sick leave to persons retiring as a result of length of service or terminating employment by reason of death so that the appellants are excluded. While the appellants are not entitled to reimbursement for their unused sick leave, under *Longview* they had the right to use their sick leave before going on disability leave and should have sought a remedy through the available grievance procedure if they were wrongfully denied this right.

By not using their accrued sick leave before going on disability leave, under the collective bargaining agreement and the county ordinance the appellants had the potential benefit of having their accumulated sick leave restored if they returned to work within 2 years. By not using their accrued sick leave prior to going on disability leave, they waived their right to this accrued leave unless they returned to work within 2 years.

WAGES

RCW 49.52.050(2) makes it a misdemeanor willfully and with intent to deprive an employee to pay him a lower wage than that to which he is entitled under a statute, ordinance or contract. Under RCW 49.52.070 and RCW 49.52.050(2) violation gives rise to a civil action by the aggrieved employee for double damages, costs and attorney fees. Here the appellants' RCW 49.52.070 claims fail, for they have not shown that the respondents acted willfully since the denial of compensation for the appellants' unused sick leave was based upon the provisions of the collective bargaining agreement and the applicable county ordinance, the appellants' failure to exhaust their remedies through the mandatory grievance procedures, and the running of the statute of limitations in some cases, all of which posed fairly debatable issues. *Cannon v. Moses Lk., supra* at 125.

The judgment is affirmed.

RINGOLD, A.C.J., and GROSSE, J., concur.

Review denied by Supreme Court December 2, 1986.