[No. 8709–0–II.  Division Two.  February 23, 1987.]

Randy Loun, *Respondent,* v. The City of Bremerton, *Appellant.*

*Ralph C. Pond* and *Lane, Powell, Moss & Miller,* for appellant.

*J. Michael Koch,* for respondent.

WORSWICK, J.—Randy Loun, a Bremerton police officer, applied for disability retirement in July 1980, pursuant to RCW 41.26.125. The City's disability board ultimately retired him in January 1981, and granted him the 6 months' disability leave contemplated by RCW 41.26.125, effective retroactively to the date of his application. In accordance with a collective bargaining agreement covering Loun's employment, the terms of which are not in dispute, the City then paid him for accumulated vacation leave but not for accumulated and unused sick leave. Loun accepted all this, and did not ask for any adjustment in his discontinuance of service date so he could use up his accumulated sick leave before the statutory disability leave commenced. It is undisputed that he would have been entitled to use all of his accumulated sick leave before the disability leave began had he so requested. However, it is also undisputed that any such leave not used was lost.

Two years later, Loun brought this action contending that, notwithstanding the "use it or lose it" provisions of the collective bargaining agreement, he was entitled to be paid for all accumulated sick leave. The trial court agreed and granted judgment accordingly. The City appeals.

The City contends that the collective bargaining agreement controls. Loun contends that *Longview v. Public Employees' Retirement Bd.*, 97 Wn.2d 521, 646 P.2d 768 (1982) and *Cannon v. Moses Lk.*, 35 Wn. App. 120, 663 P.2d 865, *review denied*, 100 Wn.2d 1010 (1983) support his position. We agree with the City.

*Longview* does not support, but in fact is contrary to, Loun's position. There, the employee requested that his accumulated sick leave be used before his statutory disability leave began, as required by the applicable contract of employment. He objected to an attempt by the City's disability board to credit his accumulated sick leave against his statutory disability leave. The Supreme Court agreed with the employee. Significantly, it said:

The intent of the Legislature in RCW 41.26.120 appears to be that a member of the LEOFF retirement system is

entitled to disability leave at full salary for 6 months immediately before beginning disability retirement. *Nowhere in the statute is there any suggestion of an intent to interfere with rights to sick leave that a member might have by virtue of a contract with his employer. We would be reluctant to find that such contractual rights were impaired by implication. See* 3 C. Sands, *Statutory Construction* § 61.06 (4th ed. 1973). Therefore, we interpret the statute so as to give effect to the 6–month disability leave, together with any sick leave to which the member is entitled under his contract of employment.

Mr. Fix was employed by the City of Longview under terms and conditions set out in resolution 843. Section 4(k) of this resolution provides that "police and fire personnel . . . *shall expend all accrued sick leave prior to receiving disability leave payment*". Our interpretation of RCW 41.26.120, therefore, requires that Mr. Fix's disability leave begin after the accrued sick leave, to which Mr. Fix is entitled by virtue of this resolution, has been expended.

(Italics ours.) *Longview,* 97 Wn.2d at 526–27. The employment agreement in *Longview* not only permitted but required that accumulated sick leave be used before the statutory disability leave began. Under the collective bargaining agreement here, Loun was required to request the accumulated leave or lose it. He has now lost the opportunity to use it. *See Moran v. Stowell,* 45 Wn. App. 70, 78, 724 P.2d 396 (1986).

*Cannon* obviously dealt with an anomaly and is limited to its facts. The issue was how to treat unused sick leave that had accumulated before the employees in question became members of the Law Enforcement Officers and Fire Fighters' Retirement System. The contract of employment in effect at the time of the disability retirement was silent on the point. Division Three of this court essentially held that inasmuch as no contract or legislation suggested that the accumulated leave had been lost, it had not been, and the employees were entitled to use it before commencing their statutory disability leave. *Cannon* does not support Loun's position. *See Moran,* 45 Wn. App. at 80.

Reversed.

ALEXANDER, A.C.J., and PETRICH, J., concur.

Reconsideration denied March 25, 1987.

Review denied by Supreme Court June 2, 1987.