[No. 12585-8-III.    Division Three.    March 15, 1994.]

LUIS MORALES, *Appellant*, v. WESTINGHOUSE HANFORD
COMPANY, ET AL, *Respondents.*

*Earl W. Bladow,* for appellant.

*D. Wayne Campbell; Paul T. McMurray* and *Gavin, Robinson, Redman, Pratt & Crollard, Inc. P.S.,* for respondents.

SWEENEY, J. — Luis Morales filed suit against Rockwell Hanford Operations and Rockwell International Corporation (Rockwell) and Westinghouse Hanford Company and Westinghouse Electric Corporation (Westinghouse) for racial discrimination. The trial court found that Mr. Morales' suit was time barred by the statute of limitations and granted the Defendants' motions for summary judgment. RCW 4.16.080(2). On appeal, Mr. Morales contends the 3-year statute of limitations was tolled while he exhausted his remedies under the grievance procedure provided for in his collective bargaining agreement. We affirm.

I

Mr. Morales, a Hispanic man, was hired by Rockwell as a nuclear operator trainee in September 1985. At some point during his employment, he came to the conclusion he was being passed over for promotion while other white employees, with similar experience and training, were being advanced to higher paying positions. On January 26, 1987, Mr. Morales filed a grievance with his supervisor claiming racial discrimination and requesting an upgrade of his job classification as well as retroactive back pay.

Mr. Morales is a member of the Hanford Atomic Metal Trades Council (the Union) which is the exclusive bargaining agent for Rockwell and Westinghouse employees. Rockwell and the Union were signatories to a collective bargaining agreement (CBA) which required use of the grievance procedure for all claims and disputes "subject to collective bargaining between the parties . . . whether or not such claims or disputes involve the interpretation or application of this Agreement". The grievance procedure involves a 3-step process of complaint investigations, settlement opportunities and appeals, beginning with a complaint to the supervisor and ending with an appeal after a hearing before the council grievance committee. If a settlement is not reached after the grievance is appealed, the Union may request arbitration.

On June 28, 1987, Rockwell lost its contract to manage the Hanford Nuclear Reservation. The contract was subsequently awarded to Westinghouse. On March 4, 1988, Westinghouse denied Mr. Morales' grievance. Nearly 3 years later, on March 1, 1991, Mr. Morales filed a discrimination suit against both Rockwell and Westinghouse in superior court pursuant to RCW 49.60.[1] Both Rockwell and Westinghouse moved for summary judgment. They argued Mr. Morales had failed to bring his suit within the 3-year statute of limitations. RCW 4.16.080(2).[2] The trial court found that Mr. Morales' complaint was barred by the statute of limitations and granted summary judgment for Westinghouse on June 18 and for Rockwell on June 24, 1992.

---

[1]Relevant sections of the Washington Law Against Discrimination include the following:

"(1) The right to be free from discrimination because of race, creed, color, national origin, sex, or the presence of any sensory, mental, or physical handicap is recognized as and declared to be a civil right. This right shall include, but not be limited to:

"(a) The right to obtain and hold employment without discrimination;

". . . .

"(2) Any person deeming himself injured by any act in violation of this chapter shall have a civil action in a court of competent jurisdiction to enjoin further violations, to recover the actual damages sustained by him, or both, together with the cost of suit including a reasonable attorney's fees or any other remedy authorized by this chapter or the United States Civil Rights Act of 1964." Former RCW 49.60.030.

"It is an unfair practice for any employer:

". . . .

"(3) To discriminate against any person in compensation or in other terms or conditions of employment because of age, sex, marital status, race, creed, color, national origin, or the presence of any sensory, mental, or physical handicap . . .." Former RCW 49.60.180.

[2]That statute provides, in part:

"The following actions shall be commenced within three years:

". . . .

"(2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;" RCW 4.16.080. Discrimination claims under RCW 49.60 must be filed within 3 years from the date the discriminatory acts occur. *Douchette v. Bethel Sch. Dist. 403*, 117 Wn.2d 805, 809 n.1, 818 P.2d 1362 (1991).

## II

Mr. Morales contends the trial court erred in granting summary judgment for Rockwell and Westinghouse because the statute of limitations was tolled pending resolution of his CBA grievance.

■ A. Failure To Raise Error in Trial Court. Preliminarily, Rockwell and Westinghouse contend Mr. Morales did not raise the tolling argument at the trial court and therefore he should be precluded from raising the issue on appeal. Generally, arguments or theories not presented to a trial court will not be considered on appeal. RAP 2.5(a); *In re Marriage of Tang*, 57 Wn. App. 648, 655, 789 P.2d 118 (1990). But the rule does not apply "when the question raised affects the right to maintain the action". *New Meadows Holding Co. v. Washington Water Power Co.*, 102 Wn.2d 495, 498, 687 P.2d 212 (1984). The court's summary dismissal of Mr. Morales' claim ended his right to maintain this action and therefore falls within the exception to the rule. Moreover, he submitted an affidavit in response to the summary judgment in which he states that the grievance procedure was required by his CBA. We therefore consider his assignment of error.

■ B. Standard of Review. In reviewing an order granting summary judgment, we engage in the same inquiry as the trial court. RAP 9.12; *Harris v. Ski Park Farms, Inc.*, 120 Wn.2d 727, 737, 844 P.2d 1006 (1993), *cert. denied*, ___ U.S. ___, 126 L. Ed. 2d 664, 114 S. Ct. 697 (1994). The interpretation and application of RCW 49.60 to these facts is a question of law. *Nuttall v. Dowell*, 31 Wn. App. 98, 107 n.1, 639 P.2d 832, *review denied*, 97 Wn.2d 1015 (1982). Further, the facts relevant to this appeal are essentially undisputed and the trial court's decision involved only questions of law. Our review is therefore de novo. *See Department of Labor & Indus. v. Fankhauser*, 121 Wn.2d 304, 308, 849 P.2d 1209 (1993); *DuVon v. Rockwell Int'l*, 116 Wn.2d 749, 753, 807 P.2d 876 (1991).

C. Triggering the Statute of Limitations. Mr. Morales contends the trial court erred in concluding his claim of racial discrimination under RCW 49.60 was barred by the statute of

limitations. He asserts the triggering date for the 3-year limitation period imposed by RCW 4.16.080 is the date Westinghouse denied his grievance. Mr. Morales relies on a line of Washington cases which require exhausting CBA remedies before resorting to judicial action. *Smith v. General Elec. Co.*, 63 Wn.2d 624, 625-26, 388 P.2d 550 (1964) (wrongful discharge); *Lew v. Seattle Sch. Dist. 1*, 47 Wn. App. 575, 577, 736 P.2d 690 (1987) (transfer in violation of CBA); *Garton v. Northern Pac. Ry.*, 11 Wn. App. 486, 488, 523 P.2d 964 (1974) (wrongful discharge). Those cases are distinguishable. Each involves a determination of a specific right provided for in the CBA. The issue before us is whether Mr. Morales must exhaust his CBA remedies before proceeding with a suit based on a statutory cause of action — an action independent of his CBA rights.

■ The rule requiring the "exhaustion of remedies" prior to suit is narrowly applied: "Before an action *to obtain the benefits of a collective bargaining contract* can be maintained, the plaintiff must exhaust his contractual remedies through the grievance procedure provided for in the contract." (Italics ours.) *Moran v. Stowell*, 45 Wn. App. 70, 75, 724 P.2d 396, *review denied*, 107 Wn.2d 1014 (1986). An action for discrimination pursuant to RCW 49.60 is independent of any remedy provided for in the CBA. *Reese v. Sears, Roebuck & Co.*, 107 Wn.2d 563, 578, 731 P.2d 497 (1987), *overruled on other grounds in Phillips v. Seattle*, 111 Wn.2d 903, 766 P.2d 1099 (1989). In *Reese*, the court concluded that by enacting RCW 49.60 the Legislature conferred both a substantive right to be free from unlawful employment discrimination and a statutory cause of action to vindicate that right. The statutory scheme evidenced a legislative intent to allow individual employees to pursue their statutory rights independent of the remedies of a CBA. *Reese*, at 577. The policy requiring the exhaustion of CBA remedies prior to proceeding with suit does not apply to RCW 49.60 discrimination cases. *Reese*, at 577-78. *See also Commodore v. University Mechanical Contractors, Inc.*, 120 Wn.2d 120, 133, 839 P.2d 314 (1992) (an allegation of

racial discrimination under RCW 49.60 does not require an interpretation of the CBA).

Mr. Morales relies heavily on the following language from *Reese*:

[E]mployees may choose to vindicate their civil rights by immediately filing a civil action under RCW 49.60 or they may wait, pursue a remedy under their collective bargaining agreement, and if their civil rights remain unenforced, file a civil discrimination action pursuant to RCW 49.60.

*Reese*, at 578. However, when the quoted language is viewed in the context of the issue before the court in *Reese*, it does not stand for the proposition advanced by Mr. Morales. The issue in *Reese* was whether "the existence of a dispute resolution procedure in a collective bargaining agreement" precluded "an employee from asserting a statutory right in state court". *Reese*, at 577. As we have noted, the holding was it does not. The issue presented here — whether exhaustion of CBA remedies is required before filing suit — was not before the *Reese* court.

The United States Supreme Court has also addressed the issue raised by Mr. Morales in the context of Title VII of the United States Civil Rights Act of 1964 cases. *International Union of Electrical, Radio & Mach. Workers v. Robbins & Myers, Inc.*, 429 U.S. 229, 236, 50 L. Ed. 2d 427, 97 S. Ct. 441 (1976). Relying on its decision in *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 39 L. Ed. 2d 147, 94 S. Ct. 1011 (1974), the Court held that the independent origins of the contractual rights under a CBA and the statutory rights under Title VII foreclose any argument for the tolling of the statute. *Electrical Workers*, at 236. Similarly, the Washington Legislature has emphasized the independent nature of the remedy provided by RCW 49.60. The statute provides: "Nor shall anything herein contained be construed to deny the right to any person to institute any action or pursue any civil or criminal remedy based upon an alleged violation of his civil rights." RCW 49.60.020.

We agree with the trial court that Mr. Morales was not required to exhaust his CBA remedies before proceeding

with this suit, and the statute of limitations was therefore not tolled while he did so.

Affirmed.

THOMPSON, C.J., and SCHULTHEIS, J., concur.

Review denied at 124 Wn.2d 1019 (1994).