IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Estate of: | ) | No. 36798-3-III |
| | ) | |
| LAWRENCE C. ANDREWS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Deceased. | ) | |

PENNELL, J. — Ricky Andrews appeals a probate court order denying his petition to remove Nathan May as the personal representative of his father's estate. We affirm and award attorney fees and costs to the estate.

## FACTS

Lawrence C. Andrews died testate, leaving his estate to his six children. One of the children, Ricky Andrews (Mr. Andrews), initially served as personal representative. However, after a dispute arose, Mr. Andrews was succeeded as personal representative by Nathan May. Mr. May retained Brian Doyle as an attorney for the estate.

As part of his personal representative duties, Mr. May sought to sell the estate's

real property. In pursuit of this goal, Mr. May retained an appraiser who valued the

property at $100,000. Mr. May sought court permission to sell the home to the highest

bidder, but for at least $100,000. The valuation proposed by Mr. May caused concern

amongst Mr. Andrews and the other heirs, who arranged for a separate appraisal of the

property. That appraisal valued the property at approximately $150,000. The probate

court subsequently established a minimum sale price of $150,000. Mr. May ultimately

sold the property for $163,000. Mr. May also sold the remaining assets of Lawrence

Andrews's upholstery business for $600 through an agent at an estate sale.

In January 2019, Mr. Andrews requested an inventory of the estate from Mr. May.

Mr. May provided Mr. Andrews an inventory.

In April 2019, Mr. Andrews petitioned for removal of Mr. May as the estate's

personal representative.[1] Mr. Andrews alleged Mr. May had:

---

[1] Mr. Andrews previously attempted to remove Mr. May as personal representative for breach of fiduciary duty after the probate court granted a motion by Mr. May for issuance of letters of administration. The probate court's August 15, 2018, order on this motion is included in the record on review. *See* Clerk's Papers (CP) at 39. Mr. Andrews moved in this court for discretionary review of the August 2018 order, but review was denied as the probate court had been given no opportunity to hear and enter appropriate findings on any breach of fiduciary duty claim. Ruling Den. Review, at 2, *In re Estate of Andrews*, No. 36323-6-III (Wash. Ct. App. Mar. 4, 2019).

- removed irrigation equipment from the estate's real property, causing trees and the lawn to die, thus devaluing the estate by $40,000 to 50,000;

- attempted to sell the estate's real property for one-half its value;

- sold the assets of Lawrence Andrews's upholstery business for below market value; and

- neglected to tell Mr. Andrews of any pending sale of the upholstery business assets, after Mr. Andrews claimed he offered $5,000 for the same materials.

Mr. Andrews also presented to the probate court e-mails from two siblings and Lawrence Andrews's brother wherein they stated they felt the upholstery business assets were worth more than Mr. May sold them for.

In response, Mr. May presented:

- A declaration[2] from himself averring the real property was in a state of disrepair at the time he became personal representative; and that Mr. Andrews never offered to buy the upholstery business assets;

---

[2] This declaration also included an allegation that Mr. May attempted to find automobiles alleged to have been removed from the estate by family members. *See* CP at 65.

- E-mails from two more of Mr. Andrews's siblings, stating that the lawn and trees on Lawrence Andrews's property were dying even while Lawrence Andrews still occupied the property;

- An e-mail from another of Mr. Andrews's siblings stating Lawrence Andrews's upholstery business assets were in poor condition; and

- An e-mail from the agent who sold the upholstery business assets stating the materials were in poor condition and difficult to sell; and that Mr. Andrews never made an offer to the agent to purchase these assets prior to the assets being sold for $600.

At a hearing on April 17, the probate court denied Mr. Andrews's petition. It found insufficient evidence of waste, and that Mr. May sold the real property and upholstery business assets at fair market value. Mr. Andrews later moved for reconsideration of the court's decision, but the motion was denied as untimely.

At the April 2019 hearing and after the court made its ruling on his petition, Mr. Andrews complained he had not received photos and videos taken by Mr. May of the estate property. Mr. Andrews claimed the photos and videos would have supported his allegations about Mr. May. Mr. Andrews requested the court order Mr. May to produce these photos and videos as part of the estate's inventory, and to delay its decision on his

petition to remove Mr. May as personal representative. The court declined to do so as Mr. Andrews had not properly moved for such an order. Mr. May would later declare that he could not find the photos and videos at issue, despite being unable to recall disposing of them.

On December 18, 2019, the probate court entered a formal written order denying Mr. Andrews's removal petition. The order included findings consistent with those made orally during the hearing in April.

Mr. Andrews now appeals the order denying his petition to remove Mr. May as the estate's personal representative.

ANALYSIS

Ricky Andrews argues the trial court should have removed Nathan May as the estate's personal representative because Mr. May and his attorney, Brian Doyle, breached fiduciary duties owed to the estate, concealed evidence, and had a conflict of interest. Mr. May responds that the trial court's order is not appealable as of right, and that it fails on the merits. We decline to address whether the petition is appealable as of right, as it is readily apparent Mr. Andrews's appeal fails on the merits.

Many of the arguments raised in Mr. Andrews's appeal fail because they have not been preserved. "Generally, arguments or theories not presented to a [probate] court will

not be considered on appeal." *Morales v. Westinghouse Hanford Co.*, 73 Wn. App. 367,

370, 869 P.2d 120 (1994) (citing RAP 2.5(a)). "This rule affords the [probate] court an

opportunity to rule correctly upon a matter before it can be presented on appeal." *New*

*Meadows Holding Co. v. Wash. Water Power Co.*, 102 Wn.2d 495, 498, 687 P.2d 212

(1984). This court reviews decisions of a probate court. RAP 2.2, 2.3.

The only arguments Mr. Andrews advanced before the probate court as part of his

petition to remove Mr. May as the personal representative were those concerning the sale

and condition of the estate's real property, and the sale of the upholstery business assets.

Mr. Andrews never raised the issues of spoliation or conflict of interest. While Mr.

Andrews did complain about Mr. May allegedly withholding photos and videos of the

estate's real property, he never asserted this as a reason to remove Mr. May as personal

representative. Likewise, Mr. Andrews never argued the alleged taking of automobiles

from the estate as a reason Mr. May should have been removed.[3] As there are no

decisions of the probate court concerning spoliation or a conflict of interest, this court has

nothing to review. Because Mr. Andrews failed to raise these arguments in the probate

---

[3] Furthermore, Mr. Andrews failed to support his argument concerning the removal of automobiles with any citation to the record, as required by RAP 10.3(a)(6). Where a party fails to cite to relevant portions of the record, an appellate court will not search for the applicable portion of the record in support of that party's argument. *State v. Brousseau*, 172 Wn.2d 331, 353, 259 P.3d 209 (2011).

court, we decline to review them, and review only the waste arguments that were actually presented before the probate court.

Going to the merits of Mr. Andrews's preserved arguments, a personal representative may be removed from their duties for reasons such as breach of fiduciary duty, failure to faithfully execute trust responsibilities, and mismanagement or waste. Former RCW 11.68.070 (2010); RCW 11.28.250. A probate court's determination about whether a personal representative has engaged in misconduct is a factual matter. *See, e.g.*, *In re Estate of Jones*, 152 Wn.2d 1, 10, 93 P.3d 147 (2004). We review a probate court's factual findings for substantial evidence. *Id*. at 8.

Here, substantial evidence supports the probate court's findings that Mr. May had not engaged in misconduct or waste of estate assets. With respect to the condition of the estate's real property, the probate court correctly observed that Mr. Andrews never presented any competent evidence of waste regarding dead trees or a dead lawn, or a resulting reduced sale price. The evidence in the record indicates the trees on the estate property were dying during Lawrence Andrews's occupancy of the property, and that the estate property sold for a sum above the appraised value. As for the claim that Mr. May sold the upholstery business assets for less than market value and refused to sell the business assets to Mr. Andrews for $5,000, the probate court reviewed the competing

7

factual claims and ruled in favor of Mr. May. The court was not required to accept Mr. Andrews's proffered evidence. Because the probate court was presented with sufficient evidence to resolve the factual dispute in favor of Mr. May, we defer to this assessment. We affirm the probate court's order denying the petition to remove Mr. May as personal representative.

## APPELLATE ATTORNEY FEES AND COSTS

Mr. May requests an award on behalf of the estate of attorney fees and costs on appeal pursuant to RAP 18.1 and RCW 11.96A.150. He argues Mr. Andrews has filed a meritless appeal costing the estate time and money, and that the appeal has prevented the estate from closing, preventing assets from being distributed to rightful heirs.

RAP 18.1(a) allows a party to recover attorney fees or expenses incurred on appeal, so long as applicable law permits such a recovery. RCW 11.96A.150(1) provides an appellate court broad discretion to award costs, including reasonable attorney fees, in estate litigation. *See In re Estate of Mower*, 193 Wn. App. 706, 729, 374 P.3d 180 (2016).

As the estate has successfully defended Mr. Andrews's attempt to reverse the probate court's decision denying the petition to remove Mr. May as personal representative, an award of attorney fees and costs on appeal to the estate is appropriate.

We therefore award the estate reasonable attorney fees and costs from Ricky Andrews,

subject to the estate's compliance with RAP 18.1(d).

CONCLUSION

The probate court's order is affirmed. The estate is awarded reasonable attorney

fees and costs, to be paid personally by Ricky Andrews. If Mr. Andrews has not satisfied

this fee and cost award prior to the estate's closing, those fees and costs may be deducted

from Mr. Andrews's share of the final estate distribution.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____    _____
Siddoway, C.J.               Lawrence-Berrey, J.