The CITY OF EDMOND, Oklahoma, a municipal corporation, and the Board of Trustees of the Police Pension and Retirement Fund for the City of Edmond, Oklahoma, Appellants,

v.

Harry E. WAKEFIELD et al., Appellees.

No. 46746.

Supreme Court of Oklahoma.

July 1, 1975.

Robert T. Rice, City Atty., Edmond, Jerry Crabb, Asst. City Atty., Oklahoma City, for appellants.

Don J. Harr, Oklahoma City, for appellees.

IRWIN, Justice:

The issue presented concerns the constitutionality of Ordinance No. 2.52.220 of the City of Edmond (City). The ordinance provides for the retention of contributions made by policemen to the Police Pension and Retirement Fund (Fund) if policemen resign or are discharged before retirement.

City refused to pay appellees (Policemen), former policemen for City who had either resigned or been discharged, the contributions they had made to the Fund. Policemen brought an action in mandamus to compel the payments on the grounds that the ordinance was unconstitutional. The trial court so found. Judgment was rendered for Policemen and City and Trustees of Fund appeal.

Policemen rely principally upon the following language in 62 C.J.S. Municipal Corporations, § 588b, which states:

"It has been held, at least in the light of the provisions of the particular pension system, that a pension for policemen is a bounty or gratuity, but the contrary has also been held, particularly where the policemen contribute to the pension fund. When services are rendered under a pension statute, it has been held that the pension becomes a part of the contemplated compensation for those services, and in a sense becomes a part of the contract of employment, and, where a city has enforced a pension law and compelled a policeman to contribute to the pension fund for a long period of time, it ought not to be permitted to retain the enforced contribution. * * *."

Additional language in § 588(b), not cited by Policemen, states:

"The fact that deductions are made from a policeman's salary for the pension fund does not give the policeman a vested right in his contributions to the fund but only the right to receive a pension on such terms and contingencies as the pension system may provide, and he is not entitled to a refund of his contributions where he is separated from the police force under circumstances not entitling him to a pension. It may validly be provided that there will be no refund of the contributions of a policeman who is dismissed from the force."

■ Policemen do not claim they were denied any procedural rights and realistically, this appears to be the case. If the ordinance in question deprived no one of constitutionally protected procedural rights, then this Court must concern itself with the issues of the basic fairness and reasonableness of the ordinance. In essence, substantive due process of law, independently of any procedural rights guaranteed by constitutional provisions, is the general requirement that all governmental actions have a fair and reasonable impact on the life, liberty, or property of the person affected. Arbitrary action is thus proscribed. Griswold v. Connecticut, 381 U.S. 479, 511–12, 85 S.Ct. 1678, 1696–97, 14 L.Ed.2d 510, 513–32 n. 4 (1965).

■ Article II, § 7, of the Oklahoma Constitution, provides that "No person shall be deprived of life, liberty, or property, without due process of law." This section is designed to protect citizens from arbitrary and unreasonable action by the state. State v. Parham, Okl., 412 P.2d 142 (1966). Therefore, state statutes which attempt to take away vested property interests [Mitchell v. Williamson, Okl., 304 P. 2d 314 (1956)], or work an arbitrary forfeiture of property rights [Williams v. Bailey, Okl., 268 P.2d 868 (1954)], are unconstitutionl as violations of due process.

Has City arbitrarily and unreasonably taken Policemen's contributions?

The Police Pension and Retirement System in question was authorized by 11 O.S. 1971 § 541 et seq. Section 541k, discussing the refund of contributions, reads as follows:

" * * * Any such city or town is also authorized and empowered to provide in its ordinances relating to its Pension and Retirement System for the return of any contributions made to its Pension and Retirement System by any policeman, pursuant to any agreement made by this Act, or amendments thereto, provided as to contributions by him and other policemen to the funds of such Pension and Retirement System where any such policeman has served in the Police Department of any such city or town for a period of more than one (1) year and contributed to said fund for said period of time and served less than twenty (20) years in police departments of cities and towns of this state having a standard equivalent to that required for eligibility under this Act or amendments thereto. * * *."

All of the Policemen had served with City for more than one (1) year and have contributed to the pension fund, but none had served a total of twenty (20) years.

City, while adopting a pension system under § 541 et seq., apparently interpreted

"authorized and empowered" as contained in 11 O.S.1971 § 541k to be a discretionary, and not a mandatory, grant of power. This Court has held previously that the term "authorized" as used in the statute authorizing municipalities to establish pension and retirement benefits, does not mean "mandatorily directed". Morgan v. Wilson, Okl., 450 P.2d 902 (1969).

The ordinance in question, Ordinance No. 2.52.220, entitled "Severance" states:

"If any policeman resigns or is discharged, regardless of cause, before retirement, the amount of money contributed by such policeman to the fund and credited to his individual account shall be retained by the police pension and retirement fund: Provided, that if such policeman dies prior to being placed upon the police pension and retirement system, then his individual account shall be paid to his beneficiary and/or beneficiaries without interest."

Given the discretionary language of 541k, we must address the basic fairness and reasonableness of City's no refund policy as expressed by the ordinance in question.

City's pension system is financed by three sources: (1) a two percent (2%) mandatory contribution from all policemen (its a condition of their employment, Ordinance No. 2.52.140, 11 O.S.1971 § 541h & 541i), (2) a matching sum by City (Ordinance No. 2.52.130), and (3) a sum from the State [36 O.S.Supp.1974 § 312.1(b)].

The funds of the system are to be used: (1) for investment, (2) for paying disabled or injured policemen, (3) for paying pensions for meritorious long service, or (4) for paying pension to widows and orphans. [See 11 O.S.1971 § 541j].

When Policemen joined the police force, the provisions concerning contributions to the pension fund with no right to refund were already on the books. These provisions are not burdens imposed by a subsequent ordinance. The contributions, a part of the contract accepted by Policemen, were voluntary in that Policemen were not forced to become City's policemen. The contributions were involuntary in that once Policemen had joined the force, they could not withdraw consent without losing their jobs.

As a result of the contributions Policemen received prior to termination of employment (1) the right to temporary payments when disabled or injured, (2) the right to a pension if permanently disabled or injured, (3) the right to a pension for their widows or children if the disability or injury resulted in death, (4) an extinguishment of any obligation for the administrative expenses of running the pension system, (5) the right to a credit towards retirement for the number of years served with City which can be added to any subsequent service with an eligible Oklahoma police department, and (6) the right of their dependents to the contributions had Policemen lost their lives in line of duty or as a result of any injury or sickness sustained therein [Ordinance 2.52.150].

The Colorado Supreme Court has held that police officers who were required to contribute a percentage of their salary to the police pension and relief fund while in active service, pursuant to city charter and ordinance, and whose service had been terminated for either voluntary or involuntary reasons prior to their becoming eligible for pension or for other benefits provided by the charter could not recover their contributions to the fund, where the charter made no provision for repayment. Derby v. Police Pension and Relief Board of City and County of Denver, Colo., 412 P.2d 897 (Colo.1966). In the instant case, the Edmond Charter had a provision expressly retaining the contributions.

■ The statute authorizing the creation of the Fund left it to the discretion of the municipality as to whether or not a refund of contributions should be allowed. What is reasonable would depend to some extent on the amount of the enforced contributions. In other words, the degree of correlation between the benefits received

and the amount of the contributions is an important consideration. The greater the percent required to be contributed, the more unreasonable a complete no refund policy would be, and the more reasonableness would require a partial refund policy.

To be sure, there may be no perfect correlation between the 2% of gross salary contributions and the benefits the appellees received while employed by City. But there is some correlation and the ordinance is not unreasonable.

We hold, therefore, that a two percent (2%) enforced contribution with a no refund policy, in light of the extra protection afforded an officer and his family while employed as a policeman, is not unreasonable or arbitrary and, therefore is not unconstitutional.

Decision of the trial court reversed; remanded to the trial court for dismissal.

WILLIAMS, C. J., and DAVISON, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

HODGES, V. C. J., and DOOLIN, J., dissent.