CITY OF GREENWOOD, INDIANA AND BOARD OF TRUSTEES, POLICE PENSION FUND FOR THE CITY OF GREENWOOD v. LARRY SMITH AND MICHAEL A. OSBORNE.

[No. 1-976A160. Filed March 30, 1977.]

*John M. Smart, III,* of Greenwood, for appellants.

*John P. Wilson, Antcliff & Wilson,* of Greenwood, for appellees.

LOWDERMILK, J.—Defendants-appellants, City of Greenwood, Indiana, and the Board of Trustees of the Police Pension Fund for the City of Greenwood (City), appeal from the adverse judgment of the trial court raising the following issue for our review:

1. Whether the judgment of the trial court is contrary to law.

The facts necessary for our disposition of this appeal are as follows: Plaintiff-appellee, Larry Smith (Larry), was a police officer for the City of Greenwood from January 1, 1967, through August 31, 1974. Upon Larry's termination of employment as a police officer, he sought to recover $1,548.00 of involuntary contributions he had made to the Police Pension Fund. Plaintiff-appellee, Michael A. Osborne (Michael), was a police officer for the City of Greenwood from June 16, 1973, through September 18, 1974. Upon Michael's termination of employment as a police officer, he sought to recover $501.00 of involuntary contributions he had made to the Police Pension Fund.

IC 1971, 19-1-24-2 (3) provides as follows:

"(3) Every member of the police force who has been accepted and designated as a beneficiary of the police pension by said board of trustees shall be assessed a part of his salary, to be fixed by the bylaws of such police pension fund, which assessment shall be equal to three per cent [3%] per annum of the salary paid a first-class patrolman and which shall be deducted each month from the pay of each such member of the police department. The secretary of the board of trustees shall prepare a roll of each of such assessments, and place opposite the name of every member of such police force the amount of the assessment against

him; and the treasurer of such board shall deduct and retain out of the salary paid to such officer the amount of such assessment, and place the same to the credit of such police pension fund.

"Every person becoming a member of the police force shall from that time be liable to the payment of such assessments, and, in becoming a member of such police force, shall be conclusively deemed to undertake and agree to pay the same and have it deducted from his salary as herein required."

The trial court awarded judgment for Larry and Michael finding that City's action in failing to return Larry's and Michael's involuntary contributions to the Police Pension Fund violated IND. CONST. art. 1, § 21 which provides as follows:

"Compensation for services or property.—No man's particular services shall be demanded, without just compensation. No man's *property* shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered." (Our emphasis)

In the case of *Ballard* v. *Board of Trustees of the Police Pension Fund* (1975), 263 Ind. 79, 324 N.E.2d 813, our Supreme Court at 815, described the nature of the Police Pension Fund to be as follows:

"The pension fund comes from several sources, including gifts, proceeds from the sale of recovered property, penalties for violation of police rules, and 'deductions' from salaries. A person choosing employment as a police officer is automatically under the pension fund provisions. . . . The Court of Appeals correctly held that in Indiana pensions under a state compulsory contribution plan like the Police Pension Fund have traditionally been considered gratuities from the sovereign involving no agreement of the parties and, therefore, creating no contractual rights. . . . The involuntary plans are gratuities from the sovereign as distinguished from voluntary or optional pension plans, normally called 'annuities,' where there is an agreement that a deduction shall be made out of the salary of the employee. . . . In a voluntary system the employee theoretically may keep his money or pay it back to the fund, *while under the involuntary system the money, although denominated compensation, is never owned or controlled by*

*the employee but retained by the state and is, therefore, in practical effect a contribution by the state.* Under this theoretical distinction there is no vested right in the money residing in an involuntary or compulsory pension system. . . ." (Citations omitted) (Our emphasis)

*Accord, Klamm* v. *State ex rel. Carlson* (1955), 235 Ind. 289, 126 N.E.2d 487.

Also, in *Ballard, supra,* our Supreme Court recognized that a policeman's interest in this involuntary pension fund was never absolutely vested. For example, after a policeman begins receiving pension benefits his right to continue to receive those benefits is subject to the non-occurrence of certain events such as the commission of a felony or becoming a habitual drunkard. IC 1971, 19-1-24-5 (Burns Code Ed.). Likewise, a policeman's right to receive pension benefits in the first instance is subject to the occurrence of certain conditions. IC 1971, 19-1-24-3 (Burns Code Ed.) states these conditions to be as follows:

"Investment of funds—Limitations—Use of funds—Benefits. . . . Such fund shall be used and devoted to the following purposes:

(1) To the payment of such temporary benefits as the board of trustees may determine, . . . to such members of the active police force who have suffered any physical or mental disability.

(2) To the payment of a pension . . . to any member of such police force who may be retired from active service upon physical examination . . . where it is found that such member has suffered or contracted any disease, mental or physical, or any disability which renders such member unfit for active duty on such police force, or for any duty in such police department, . . .

(3) To any member of the police department of such city who retires from active service after twenty [20] or more years of such active service by such member, an annual pension. . . .

(4) To the payment of funeral benefits to the heirs or estate of any active or retired member of the police force who has suffered death from any cause, . . .

(5) To the payment of an amount equal to the pensions provided by law in case of voluntary retirement after

twenty [20] years' service to any member of such police force who may be dismissed therefrom for any reason, after having been in actual service for twenty [20] years, . . ." (Citations omitted)

It is the opinion of this court that the trial court erred in allowing Larry and Michael to recover their involuntary contributions made to the City of Greenwood Police Pension Fund before any of the conditions enumerated in IC 1971, 19-1-24-3, *supra*, were satisfied. Prior to the occurrence of one of those conditions, neither Larry nor Michael had a vested property interest in the fund which could be taken from them in violation of IND. CONST. art. 1, § 21, *supra*. *Ballard, supra*.

Judgment reversed and remanded with instructions to enter judgment for defendants-appellants.

Robertson, C.J. and Lybrook, J., concur.

NOTE.—Reported at 361 N.E.2d 168.