[No. 47258–1.   En Banc.   November 12, 1981.]

DONALD J. HOROWITZ, *Appellant,* v. THE DEPARTMENT OF RETIREMENT SYSTEMS, *Respondent.*

*Levinson, Friedman, Vhugen, Duggan, Bland & Horowitz,* by *Ronald J. Bland,* for appellant.

*Kenneth O. Eikenberry, Attorney General,* and *Philip H. Austin, Deputy,* for respondent.

UTTER, J.—This is a direct appeal from a trial court holding that a superior court judge who involuntarily discontinued judicial service prior to becoming eligible for retirement benefits does not have a right to a refund of his compulsory salary contributions.

Appellant Horowitz was appointed as a judge of the Superior Court for King County, effective January 1, 1974. Horowitz continued in office until January 10, 1977, when he left office after having been defeated in the September 1976 primary election.

A percentage of Horowitz' monthly salary was deducted and placed in the Judicial Retirement System pursuant to RCW 2.10.090, over Horowitz' written objection. Despite his protest, Horowitz was not permitted to discontinue his participation in the Judicial Retirement System.

After his departure from office, Horowitz requested a refund of his salary contributions to the retirement system. That request was denied by the administrators of the retirement system. After exhausting his administrative remedies, he appealed from that adverse administrative decision to the Superior Court, which affirmed the administrators' denial of a refund to Horowitz. He appeals from the Superior Court decision.

The single question presented for our review is whether a member of the Judicial Retirement System has a right under the applicable statutes to a refund of the statutory deductions from his or her monthly salary when such member involuntarily discontinues service prior to pension eligibility. The applicable statute, RCW 2.10, is silent on the issue of refunding judges' salary contributions if they should cease to serve prior to the vesting of eligibility. Appellant argues that legislative silence must imply such employees should be refunded their salary deductions if that silence is to be read consistently with another statute, RCW 2.08.090, which set superior court judge salaries at

$34,250 per year during the time appellant served as judge.[1] It is argued that since RCW 2.08.090 established his salary, RCW 2.10.090 can be read consistently with that provision only by implying a refund to employees in his position to ensure that such employees receive their full salary set by statute.

No cases are cited in support of the proposition that in the absence of a statute denying refunds of salary contributions, a refund must be implied. The cases cited involve statutes that limit or preclude a refund of salary contributions, but none of those cases are authority for the necessity of such a statutory preclusion. *See Muzquiz v. San Antonio,* 378 F. Supp. 949 (W.D. Tex. 1974); *Edmond v. Wakefield,* 537 P.2d 1211 (Okla. 1975); *Billings v. Orlando,* 287 So. 2d 316 (Fla. 1973).

Respondent Department of Retirement Systems argues that the absence of a provision relating to refunding of salary contributions indicates a legislative intent to preclude such refunds. It notes that numerous other retirement fund statutes do have provisions for refunding salary contributions. *See, e.g.,* RCW 41.40.260 (PERS); RCW 41.32.510 (TRS); RCW 41.26.170 (LEOFF); and RCW 43.43.280 (State Patrol). It thus argues that the omission in RCW 2.10 indicates a legislative desire to deny a refund of salary contributions.

A more compelling statutory argument in support of respondent's position (though it does not raise it) is contained within the terms of RCW 2.10.220. Although this provision was amended in 1980 the relevant provisions of the 1971 law remain the same. RCW 2.10.220 deals with the transfer of a public employee's contributions in the Public Employee Retirement System to the Judicial Retirement System when such a public employee becomes a judge. The statute provides in part:

In the event that any such member should terminate judicial service prior to his entitlement to retirement

---

[1] A superior court judge's salary is now $44,700 per year. RCW 2.08.090(2).

benefits under any of the provisions of this chapter, *he shall upon request therefor be repaid from the judicial retirement fund an amount equal to the amount of his employee's contributions to the Washington public employees' retirement system* and interest plus interest thereon from the date of the transfer of such moneys. (Italics ours.) RCW 2.10.220(1). This provision conspicuously omits any reference to refunding such employee's salary contributions while he or she served as a judge. In this context (where the legislature was focusing on the precise issue), it seems clear that the legislature's omission of a provision to refund judicial salary contributions in RCW 2.10 indicates a legislative desire to deny a refund of those contributions to judges who terminate office prior to reaching eligibility for retirement.[2]

In support of respondent's argument construing the statute, it also cites a number of cases for the proposition that a refund of salary contributions should be denied in the absence of a legislative provision permitting such a refund. *Derby v. Police Pension & Relief Bd.,* 159 Colo. 468, 412 P.2d 897 (1966); *Jud v. San Antonio,* 313 S.W.2d 903 (Tex. Civ. App. 1958); *Grace v. Los Angeles,* 249 Cal. App. 2d 577, 58 Cal. Rptr. 388 (1967).

Horowitz attempts to distinguish respondent's cases on a number of grounds. First he states that none of the statutes in respondent's cases contain a provision establishing the salary of the employee. This only repeats his statutory construction argument. Furthermore, although none of respondent's cases involved statutes that set a salary, one did involve a local ordinance that did set salaries. *Derby, supra.*

■ Horowitz also distinguishes respondent's cases by claiming that while those cases were subject to contract

---

[2]Respondent also argues that the reason the legislature omitted a provision denying refunds of salary contributions is because of the federal income tax notion of "constructive receipt." Judges might constructively receive their salary contributions if they had a right to a refund of those contributions, but if they had no right their salary contributions would not be constructively received, and an explicit legislative provision denying a refund of salary contributions would in no way affect the doctrine of constructive receipt.

theory, his employment may not be interpreted by reference to contract theory. His salary contributions were compulsory and he protested their deduction from the outset. We are bound, however, by *Bakenhus v. Seattle*, 48 Wn.2d 695, 698, 296 P.2d 536 (1956), which holds that statutory provisions defining the terms of public employ also define a contractual relationship. Having accepted the post of superior court judge, he subscribed to a contract defined by those statutory provisions. Since, as our discussion *supra* concludes, RCW 2.10 was not intended to provide a refund of his contributions in the event of termination prior to vesting of eligibility, there need be no more consideration for that provision than acceptance of the job. At any rate, Horowitz received in return for his contributions both service credit, *see Bell v. Midland Nat'l Life Ins. Co.,* 78 S.D. 349, 358, 102 N.W.2d 322, 327 (1960), and the State's assurance of the system's solvency:

> The State shall in addition guarantee the solvency of said fund and the legislature shall make biennial appropriations from the general fund of amounts sufficient to guarantee the making of retirement payments as herein provided for if the money in the judicial retirement fund shall become insufficient for that purpose . . .

RCW 2.10.090(3). Although he may not be satisfied with the terms of his statutory contract, it nonetheless remains a contract.[3]

---

[3]While Horowitz urges us to discard contract theory in dealing with his employment, he offers no substitute theory in its place. The Illinois and Indiana courts have held that where salary contributions are compulsory by statute, they are not contracted for and thus employees have no vested right in pension benefits until they are received. They are properly considered mere gratuities. *See Kraus v. Board of Trustees,* 72 Ill. App. 3d 833, 390 N.E.2d 1281 (1979); *Greenwood v. Smith,* 172 Ind. App. 552, 361 N.E.2d 168 (1977). This theory is not urged upon the court, and our own case law in this area indicates a different approach. *See Bakenhus v. Seattle,* 48 Wn.2d 695, 296 P.2d 536 (1956). But Horowitz does not seek to raise the more fundamental question of the State's power to define the terms of the contract as we have construed them here. In oral argument, counsel for Horowitz conceded that if the legislature had explicitly denied a refund of judges' salary contributions such denial would be constitutional. We thus reserve for another day a decision as to the constitutionally permissible scope of state defined employee contracts. *See generally* Reich, *The New Property,* 73 Yale L.J.

We hold that appellant's statutory contract defined by RCW 2.10 neither provides nor intends a refund of salary contributions upon termination prior to eligibility for retirement benefits. Horowitz is bound by the terms of that contract and may not be refunded his salary contributions.

BRACHTENBACH, C.J., STAFFORD, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.

733 (1964); Rehon, *The Pension Expectation as Constitutional Property,* 8 Hastings Const. L.Q. 153 (1980).