*Decision will be entered under Rule 155.*

RANDY BROOKS, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 20329-84.        Filed July 6, 1987.

Randy Brooks, pro se.
*Brett J. Miller*, for the respondent.

SIMPSON, *Judge*: The Commissioner determined a deficiency of $2,122.80 in the petitioner's Federal income tax for 1980. The issue for decision is whether the petitioner is required to report as ordinary income a payment that he received as an incentive to change the method of computing retirement and disability payments under his retirement plan.

### FINDINGS OF FACT

Most of the facts have been stipulated, and those facts are so found.

The petitioner, Randy Brooks, maintained his legal residence in Lafayette, Indiana, at the time he filed his petition in this case. He filed his individual Federal income tax return for 1980 with the Internal Revenue Service Center at Memphis, Tennessee.

From 1972 through 1980, the petitioner was a first-class police officer with the police department of the city of Lafayette, Indiana. By Indiana statute, the petitioner was required to participate in the "1925 Police Pension Fund" (the 1925 plan). Ind. Code Ann. sec. 36-8-6 (Burns 1986

Supp.). Under the 1925 plan, an amount equal to 6 percent of the petitioner's salary was contributed to such plan. Contributions to such plan were made through the police department. The amounts contributed were set forth on the Form W-2 issued by the police department to the petitioner and were included in the petitioner's wages for 1972 through 1980. Such contributions were $862.15 for 1980 and were $2,489.95 for the years 1972 through 1980. Under the 1925 plan, such contributions are forfeitable until the petitioner becomes eligible for benefits by reason of his death, disability, or retirement. Indeed, under State law, such contributions were considered gratuities from the State and not contributions from the petitioner. *Ballard v. Board of Trustees of Police Pension Fund*, 263 Ind. 79, 324 N.E.2d 813, 815-816 (1975); see also *City of Greenwood v. Smith*, 172 Ind. App. 552, 361 N.E.2d 168 (1977). In 1980, the petitioner was not eligible, under any circumstances, for any refund of the contributions made in his name.

In 1977, the Indiana State Legislature established a new pension system entitled the "1977 Police Officers' and Firefighters' Pension and Disability Fund" (the 1977 plan). See Ind. Code Ann. sec. 36-8-8 (Burns 1986 Supp.). The 1977 plan generally provided a lower level of benefits and more stringent eligibility requirements than the 1925 plan.

In 1980, due to an unfunded liability of the 1925 plan, estimated to be in excess of $1 billion, the State offered a $10,000 lump-sum payment to any first class police officer who agreed to have his pension and disability benefits computed by the procedures set forth in the 1977 plan, while remaining a member of the 1925 plan. Such lump-sum payment was an incentive intended to encourage police officers to convert to computation of benefits under the 1977 plan; it was not a distribution from the 1925 plan. The petitioner elected to have his benefits computed under the 1977 plan by filing an application for benefit conversion. The petitioner received a $10,000 check in 1980 as payment for the conversion of benefits.

On his Federal income tax return for 1980, the petitioner reported the lump-sum payment as a long-term capital gain. He reported a cost basis equal to the total contributions made on his behalf to the 1925 plan, $2,489.95, and a gain

of $7,510.05. He claimed a long-term capital gain deduction of 60 percent of the gain, with the result that $3,004.02 of the payment was taxable. In his notice of deficiency, the Commissioner determined that, among other things, the entire $10,000 payment was includable in income as ordinary income.

## OPINION

The petitioner argues that he paid Federal income tax on the $2,489.95 contributed in his name to the 1925 plan. Consequently, he believes that he had substantial rights in such plan during 1980. In support of his belief, he contends that his authorization was necessary to convert the computation of his benefits from the methodology of the 1925 plan to the methodology of the 1977 plan. Therefore, the petitioner characterizes the $10,000 lump-sum payment as a return on his $2,489.95 investment.

A presumption of correctness attaches to the Commissioner's determination, and the petitioner bears the burden of overcoming such presumption and proving that the determination is erroneous. Rule 142(a), Tax Court Rules of Practice and Procedure. Under State law, the contributions to the 1925 plan were considered payments by the State and not contributions from the petitioner. In addition, in 1980, the petitioner was not eligible for any refund of the contributions made in his name. Therefore, we conclude that the petitioner has failed to show that he had any vested right to the contributions made in his name. He was not obligated to pay income tax on the contributions made in his name, and even though he erroneously paid such tax, he did not gain any rights to the amounts contributed. Moreover, the petitioner acquired the opportunity to receive the incentive payment by reason of his employment as a policeman, and hence, the payment is income. Sec. 61; sec. 1.61-1, Income Tax Regs.; *John B. White, Inc. v. Commissioner*, 55 T.C. 729 (1971), affd. per curiam 458 F.2d 989 (3d Cir. 1972).

The Commissioner has conceded that the petitioner is entitled to deduct from his adjusted gross income the contributions to the 1925 plan that were improperly included in his income for 1980. Therefore, the petitioner may

reduce his adjusted gross income for 1980 by $862.15. It is unfortunate that the petitioner paid taxes on the contributions made on his behalf in earlier years, but any relief for those earlier years depends on the running of the statute of limitations or the applicability of some relief provision of the law.

*Decision will be entered under Rule 155.*