[No. 55538-9.   En Banc.   June 22, 1989.]

HAROLD E. NOAH, ET AL, *Appellants,* v. THE STATE OF WASHINGTON, *Respondent.*

*Stanley E. Perdue,* for appellants.

*Kenneth O. Eikenberry, Attorney General,* and *Jean M. Wilkinson, Assistant,* for respondent.

BRACHTENBACH, J.—At issue is which statute of limitations applies to plaintiffs' claims for alleged breach of their state employee pension rights. Plaintiffs contend that the 6–year statute, RCW 4.16.040(1), controls; the trial court dismissed the action as barred by the 3–year statute of limitations, RCW 4.16.080. We affirm.

Plaintiffs were employees of the State Department of Transportation, and were members of Plan I of the Public Employees' Retirement System (PERS I). PERS I applies to state employees who established retirement system membership prior to October 1, 1977.

Generally, retirement benefits for a state employee are calculated by multiplying the length of creditable service by the employee's "average final compensation." Under PERS I, it was the practice of some agencies, including plaintiffs' agency, to include within "final average compensation" payment for accumulated unused vacation pay. This practice resulted in a higher compensation base, and therefore higher retirement benefits, than would result without use of the accrued vacation pay.

The practice of using accrued vacation pay in calculating "average final compensation" resulted from administrative interpretation; it is not specifically authorized by statute. Not all agencies or departments employ this method of crediting accrued, unused benefits. For a discussion of the practice, see *Washington Ass'n of Cy. Officials v. Washington Pub. Employees' Retirement Sys. Bd.,* 89 Wn.2d 729, 575 P.2d 230 (1978).

The "breach" claimed by plaintiffs is enactment of Substitute Senate Bill 5007 (SSB 5007), which the Legislature

passed in 1982. SSB 5007 would have eliminated the practice of using accrued vacation pay as part of the compensation base for calculating retirement benefits. The act was to be effective July 1, 1982. Laws of 1982, 1st Ex. Sess., ch. 51, § 5. However, on June 24, 1982, the Thurston County Superior Court held the act unconstitutional. This court affirmed. *Washington Fed'n of State Employees, Coun. 28 v. State*, 98 Wn.2d 677, 658 P.2d 634 (1983).

Plaintiffs allege that enactment of SSB 5007 forced them either (1) to retire prior to the effective date of SSB 5007, July 1, 1982, thus including accumulated vacation pay to increase potential retirement benefits, or (2) to continue to work and accumulate additional benefits but lose the advantage of using accrued, unused vacation pay. The three plaintiff–retirees retired effective May 31, 1982, June 1, 1982, and July 1, 1982. This action was commenced March 2, 1988.

Because of the delay of more than 5 years in bringing this suit, plaintiffs are barred if the 3–year statute of limitations applies. For plaintiffs' claims to be timely, they must satisfy the conditions of the 6–year statute, RCW 4.16.040(1), *i.e.*, the claims must be "upon a *contract in writing,* or liability express or implied arising out of a *written agreement.*" (Italics ours.)

Clearly, there is no written agreement between plaintiffs and the State; plaintiffs did allege an oral employment agreement, but concede that an action based upon an oral contract would be barred. Therefore, plaintiffs must exclusively rely on the theory that the public employees' retirement system statute, RCW 41.40, is a "contract in writing" within the meaning of the 6–year statute of limitations.

Under very limited circumstances a statute may be treated as a contract: when the statutory language and the circumstances establish a legislative intent to create rights contractual in nature which are enforceable against the State. *Washington Fed'n of State Employees, Coun. 28 v. State*, 101 Wn.2d 536, 539, 682 P.2d 869 (1984). If a statute is subject to full legislative control by future amendments

and repeals, the statute declares policy to be pursued until the Legislature ordains otherwise, in contrast to creating contractual or vested rights. *Washington Fed'n of State Employees,* 101 Wn.2d at 539–40.

In *Bakenhus v. Seattle,* 48 Wn.2d 695, 698, 296 P.2d 536 (1956), this court said that a pension granted to a public employee is deferred compensation for services rendered. The public employee's services are rendered upon the promise made to him when he enters employment, and the employer's obligation is based upon this promise. *Bakenhus,* at 700. The court held that

> the employee who accepts a job to which a pension plan is applicable contracts for a substantial pension and is entitled to receive the same when he has fulfilled the prescribed conditions. His pension rights may be modified prior to retirement, but only for the purpose of keeping the pension system flexible and maintaining its integrity.

*Bakenhus,* at 701. The contract theory of public pensions in *Bakenhus* has been consistently followed since the opinion was handed down. *See, e.g., Bradford v. Data Processing Joint Bd.,* 106 Wn.2d 368, 722 P.2d 95 (1986); *Horowitz v. Department of Retirement Sys.,* 96 Wn.2d 468, 635 P.2d 1078 (1981); *Eagan v. Spellman,* 90 Wn.2d 248, 581 P.2d 1038 (1978); *Tembruell v. Seattle,* 64 Wn.2d 503, 392 P.2d 453 (1964); *Eisenbacher v. Tacoma,* 53 Wn.2d 280, 333 P.2d 642 (1958).

However, the fact that state employees' pension rights have some characteristics of a contract does not make the statute a contract. It is true that under *Bakenhus* and its progeny the pension statutes are, at the least, contractual in nature—they are not subject to full legislative control. But this court in *Bakenhus* never held that a public retirement statute in and of itself constitutes a complete contract. In fact, there is no statutory analysis in *Bakenhus.* Further, as the court recognized in *Bakenhus,* the contract analysis might

not be flawless in a purely legalistic sense, [but it] gives effect to the reasonable expectations of the employee and at the same time allows the legislature the freedom necessary to improve the pension system and adapt it to changing economic conditions.

*Bakenhus,* at 701.

*Bakenhus* established a contract concept or analogy in the various municipal pension systems. It does not follow . . . that all of the principles of contract law can be applied to the so–called contract for a pension.

*Dailey v. Seattle,* 54 Wn.2d 733, 738, 344 P.2d 718 (1959).

A contract in writing must contain all the essential elements of the contract. *Ingalls v. Angell,* 76 Wash. 692, 695–96, 137 P. 309 (1913); *Moran v. Stowell,* 45 Wn. App. 70, 73–74, 724 P.2d 396, *review denied,* 107 Wn.2d 1014 (1986). RCW 41.40 is not a contract in writing because it is not complete as to a public retiree's pension rights. For example, administrative interpretation of the effect upon retirement benefits of accrued vacation pay is at the heart of plaintiffs' claim. The right of certain PERS I employees to use accrued vacation pay in calculating retirement benefits is not found in the statute.

In addition, in *Tembruell v. Seattle,* 64 Wn.2d 503, 506, 392 P.2d 453 (1964), the court followed the *Bakenhus* reasoning that a public pension is a form of deferred compensation for services rendered, and explained that the rights in and to the public pension "commence to vest with the first day of employment or service, and continue to vest with each day's service thereafter."[1] *Tembruell* was approved in this regard in *Crabtree v. Department of Retirement Sys.,* 101 Wn.2d 552, 556–57, 681 P.2d 245

---

[1]While RCW 41.40 discusses "vesting" in the context of providing that a member's right to a benefit becomes effective under certain conditions, for example 5 years of service after which time the right is not forfeited by separation from service, "vesting" as used in *Tembruell* refers to the contractual right to a pension substantially in accord with the statutes as they existed when the employee begins service. *See Kraus v. Board of Trustees,* 72 Ill. App. 3d 833, 390 N.E.2d 1281, 1284 (1979).

(1984). RCW 41.40, however, does not contain any provision that a public employee's rights to a pension vest contractually as of the first day of employment. Instead, this contractual term has been implied by this court.

Another reason compels our holding that RCW 41.40 is not a contract in writing. A statute or ordinance will not constitute a contract in writing for statute of limitations purposes, except where it is apparent that the statute or ordinance was intended as a complete contract. 51 Am. Jur. 2d *Limitations of Actions* § 98, at 672 (1970); Annot., *What Constitutes a Contract in Writing Within Statute of Limitations,* 3 A.L.R.2d 809, § 36 (1949). There is simply no indication in RCW 41.40 or elsewhere that the Legislature intended RCW 41.40 to be a complete contract in writing.

We hold that RCW 41.40 is not a contract in writing, and the 6–year statute of limitations applicable to contracts in writing, RCW 4.16.040(1), does not apply to plaintiffs' claims that their public pension rights were breached by enactment of SSB 5007. Our decision accords with that in *Martin v. Spokane,* 55 Wn.2d 52, 345 P.2d 1113 (1959), where a police officer's claim that *Bakenhus* required that his pension be calculated under the police pension fund act in force when he began work was subject to the 3–year statute of limitations. *Martin,* at 56 (citing *State ex rel. Bradford v. King Cy.,* 197 Wash. 393, 85 P.2d 670 (1938), where the court held that 3–year statute of limitations applied to claim for salary as fixed by budget).

The trial court correctly dismissed this case as time–barred.

CALLOW, C.J., and UTTER, DOLLIVER, DORE, PEARSON, ANDERSEN, DURHAM, and SMITH, JJ., concur.