954 F.2d 727
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephanie J. MUNK-GENTRY, Plaintiff-Appellant,
v.
WASHINGTON STATE DEPARTMENT OF CORRECTIONS-MCNEIL ISLAND;
William L. Callahan; Sally Grele; Leslie
Kennedy, Defendants-Appellees.
 No. 90-35505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 6, 1992.*
Decided Feb. 13, 1992.
 
 Appeal from the United States District Court for the Western District of Washington, No. CV-88-00334-TB; Robert J. Bryan, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before: HUG, NOONAN and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephanie J. Munk-Gentry appeals the district court's summary judgment dismissing her Title VII sex discrimination claim and declining jurisdiction over a pendent state claim. We have jurisdiction under 42 U.S.C. § 2000e-5(j) and 28 U.S.C. § 1291 and we affirm.
 
 FACTS
 
 3
 Munk-Gentry began her employment as a "Clerk Typist II" for the State of Washington Department of Corrections/McNeil Island Corrections Center on September 16, 1985. Under state law, her employment position was subject to a six-month probationary period. Munk-Gentry was discharged from employment on March 14, 1986, within the probationary period.
 
 
 4
 After exhausting her administrative remedies with the EEOC, Munk-Gentry filed a complaint in district court alleging discrimination and harassment under 42 U.S.C. § 2000e, denial of her civil rights under 42 U.S.C. § 1983, defamation, outrage, wrongful discharge, and breach of the covenant of good faith and fair dealing in her employment contract.
 
 
 5
 Munk-Gentry has not appealed the district court's order dismissing her section 1983 cause of action. Further, Munk-Gentry's attorney in district court represented that her client had abandoned all of her claims except for those based upon Title VII and the state wrongful discharge claim.[1]
 
 DISCUSSION
 A. Title VII Claim
 
 6
 We review the district court's decision to grant summary judgment de novo. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 110 S.Ct. 3217 (1990). Summary judgment is proper if no factual issues exist for trial. The party opposing summary judgment "must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Lindahl v. Air France, 930 F.2d 1434, 1436-37 (9th Cir.1991).
 
 
 7
 In Title VII cases, the plaintiff must carry the initial burden of establishing a prima facie case of discrimination. Id. at 1437. In order to prove disparate treatment, "a plaintiff may assert either that the employer's challenged decision stemmed from a single illegitimate motive (i.e., sex discrimination) or that the decision was the product of both legitimate and illegitimate motives." Sischo-Nownejad v. Merced Community College Dist., 934 F.2d 1104, 1109 (9th Cir.1991) (citing Price Waterhouse v. Hopkins, 490 U.S. 228, 244-48 (1989)). Munk-Gentry contends her case is of the second variety, a "mixed motive" case under Price Waterhouse. Thus, in order to establish a prima facie case, Munk-Gentry was required to make an initial showing that it is more likely than not that her sex "played a motivating part in [the] employment decision" to terminate her employment. See Price Waterhouse, 490 U.S. at 244.
 
 
 8
 Munk-Gentry points to two incidents which she believes demonstrate the defendants' sex stereotyping. First, supervisor Kennedy reprimanded her for filing an infraction against a prison inmate who used profanity in his written request for visitation rights. Second, after she allowed an unauthorized state officer to examine confidential files, Kennedy told her that she did not understand the "chain of command."
 
 
 9
 These incidents do not establish that Munk-Gentry's sex played any role in the decision to fire her. The incidents she alleges are not examples of sex stereotypes. As the district court stated, "This could just as well have been a man and the exact same thing could have happened.... A lot of men are offended by crudity. A lot of men don't know the chain of command. A lot of men run into trouble with their employers." Transcript of Hearing, May 25, 1990, at 24.
 
 
 10
 Because Munk-Gentry failed to make the required factual showing that it was more likely than not that her sex played a motivating part in the decision to fire her, she failed to carry her initial burden under Price Waterhouse, and the district court properly granted summary judgment for the defendants on her Title VII claim.
 
 B. Pendent Jurisdiction
 
 11
 Munk-Gentry argues that the district court erred in dismissing without prejudice her remaining claim for wrongful discharge, which she characterizes as a "mixed tort and contract claim." The decision to accept or dismiss pendent state claims rests in the sound discretion of the trial court; it is a doctrine of flexibility. Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).
 
 
 12
 Munk-Gentry does not dispute that she failed to file a tort claim with the Washington Office of Risk Management within the applicable three year limitations period. See Wash.Rev.Code § 4.92.110. Thus, any tort action for wrongful discharge is probably barred. Mercer v. State, 739 P.2d 703, 705 (Wash.App.1987).
 
 
 13
 Munk-Gentry may still bring a state action for breach of a written employment contract based upon state regulations governing employment and written policies adopted pursuant to state statutes. The defendants concede that such a "written contract," if one existed, is subject to a six-year limitations period that will not run until March 14, 1992. Noah v. State, 774 P.2d 516, 517 (Wash.1989) (en banc); Wash.Rev.Code § 4.16.040(1).
 
 
 14
 The district court did not abuse its discretion in dismissing Munk-Gentry's pendent state claim.
 
 
 15
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Munk-Gentry argues that her former attorney erred in abandoning her other state law claims. Even if this is true, it does not relieve Munk-Gentry from the effect of her attorney's action. Litigants are bound by the conduct of their attorneys, absent egregious circumstances which are not present here. Wei v. Hawaii, 763 F.2d 370, 372 (9th Cir.1985)